bond was filed, and the petition failed to show that the bond given was made payable to the City of Dublin. The court, therefore, did not err in refusing to sanction the writ.

　　　*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
　　　　　DECIDED NOVEMBER 4, 1919.

Petition for certiorari; from Laurens superior court—Judge Kent. July 8, 1919.

*J. A. Merritt, W. A. Dampier*, for plaintiff in error.

*T. A. Evans*, contra.

---

### 10881.　POWELL *v.* CITY OF DUBLIN.

LUKE, J. This case is controlled by the decision of this court in *Williams v. City of Dublin*, ante, 358.

　　　*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*
　　　　　DECIDED NOVEMBER 4, 1919.

Petition for certiorari; from Laurens superior court—Judge Kent. July 8, 1919.

*W. A. Dampier*, for plaintiff in error. *T. A. Evans*, contra.

---

### 10881.　POWELL *v.* CITY OF DUBLIN.

BLOODWORTH, J. The petition for certiorari in this case contains the following: "Petitioner avers that he has given the bond as required by law in such cases made and provided, conditioned that he be and appear personally to answer any judgment, order, sentence or decree of either the recorder's court of the City of Dublin or of the superior court of Laurens county, which bond was duly approved by the chief of police of the City of Dublin, who is clerk of the recorder's court of said City of Dublin, which bond was duly filed with said clerk and Chief of Police, J. J. Flanders." Section 5191 (a) of Park's Ann. Code (Acts 1902, p. 105) provides that "Any person who shall seek a writ of certiorari to review and correct the judgment of any recorder's court, or of other police court, of any town or city, by whatever name known, shall first file with the clerk of said court or if no clerk with the judge of said court, except when the defendant is unable from poverty to give bond and a proper pauper affidavit is furnished, a bond payable to the municipal corporation under which such court exists, in amount and with surety acceptable to and approved by the said clerk or judge, as the case may be, conditioned for the personal appearance of the defendant to abide the final order, judgment or sentence of said court, or of the superior court, in said case." The petition in this case does not show that the bond alleged to have been given was